**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Fitzgerald Kennedy, Appellant.

Appellate Case No. 2013-002621

———————————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-256
Submitted April 1, 2015 – Filed May 20, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McEachern*, 399 S.C. 125, 135, 731 S.E.2d 604, 609 (Ct. App. 2012) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004) ("The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the [S]tate has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication."); *id.* at 84 n.12, 600 S.E.2d at 528 n.12 ("[T]he rationale for this holding is that such photos are prejudicial because they imply a defendant's prior bad acts."); *id.* at 84, 600 S.E.2d at 528 (explaining that although our supreme court has "strongly admonish[ed] the [S]tate against utilization" of a defendant's mug shot at trial, when the introduction of a defendant's mug shot does not prejudice the defendant, the error is not reversible); *State v. Stephens*, 398 S.C. 314, 322, 728 S.E.2d 68, 72 (Ct. App. 2012) (affirming the trial court's admission of photos that showed the defendant's "head and neck against a blank background," contained "no identifying marks as to date, location, agency, or purpose of the photograph," and showed the defendant "wearing street clothes," finding "[t]he photographs . . . could have come from driver's licenses, employee identification badges, or other sources").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.